UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GUILLERMO RENTERIA-NOVOA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ISIDRO BACA, et al.,<br><br>　　　　　　Defendants. | Case No. 3:15-cv-00537-MMD-VPC<br><br>ORDER |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted an amended civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 3, 1-1.) The matter of the filing fee will be temporarily deferred. Plaintiff filed an amended complaint before the Court screened his initial complaint. Accordingly, the Court now screens Plaintiff's amended civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v.*
///

*Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     SCREENING OF COMPLAINT

Plaintiff sues multiple defendants for events that occurred while he was incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF No. 3 at 1.) He sues Warden Isidro Baca, Candi Brockway, John Keast, Romeo Aranas, and John/Jane Doe. (*Id.* at 2-3.) He alleges two counts and seeks monetary damages. (*Id.* at 4-5, 9.)

Plaintiff alleges the following in his complaint: He suffers from a foot injury that requires surgery. (*Id.* at 4.) On December 5, 2013, Dr. Gedney referred Plaintiff's case for approval of surgery to Warden Baca, Medical Director Dr. Aranas, and Director of Nursing Keast, but surgery was denied. (*Id.*) On June 17, 2014, two of Plaintiff's toes became dislocated. (*Id.*) A surgery request was made again and denied. (*Id.*) On August

11, 2014, Plaintiff was told by Ms. Brockway that he would be scheduled for surgery. (*Id.*) Surgery was denied by the medical director on March 25, 2015. (*Id.*) Dr. Aranas ordered insoles for Plaintiff's shoes. (*Id.*) Plaintiff alleges that he would file grievances requesting treatment for his foot injury, or a basic pair of shoes, and in retaliation for filing these grievances, defendants, specifically Dr. Aranas, would deny Plaintiff treatment for his foot injury. (*Id.* at 5.) Plaintiff alleges that he was denied surgery three times and that Warden Baca told him filing grievances interferes with treatment. (*Id.*) Plaintiff also alleges he had surgery cancelled at the last minute and that special footwear was taken away. (*Id.* at 3.)

### A. Count I — Eighth Amendment

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard — that the deprivation was serious enough to constitute cruel and unusual punishment — and a subjective standard — deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When a prisoner alleges that delay of

medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

Plaintiff has not stated a colorable Eighth Amendment claim. While Plaintiff alleges that his surgery has been delayed, mere delay is insufficient to state an Eighth Amendment claim. *See id.* It is unclear whether Plaintiff has received any treatment for his foot injury. It is only clear that he has not received the surgery he alleges is necessary. Plaintiff's allegations regarding the delay do not rise to the level of deliberate indifference. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Plaintiff wishes to have surgery on his foot. These requests have been denied. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). Plaintiff's claim is dismissed without prejudice, with leave to amend.

Additionally, Plaintiff references attached exhibits in his complaint. (ECF No. 3 at 5.) Plaintiff must include all his allegations in the body of the complaint itself. The Court is not required to sift through other filings and exhibits in attempting to piece together Plaintiff's claim for him. *See, e.g.*, *Turner v. Grievance Coordinator, et al.*, No. 2:13-cv-02126-APG-PAL, 2014 WL 3002082, *3 (D. Nev. June 30, 2014). Upon amendment, Plaintiff should include all his allegations, including dates and names, in the body of the amended complaint itself. The Court directs Plaintiff to follow the directions in the form complaint and "[s]tate the facts clearly, in your own words, and without citing legal authority or argument . . . describe exactly what *each defendant (by name)* did to violate

your rights." Plaintiff should be clear on which defendants, by name, were involved and how.

### B. Count II — Retaliation

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004). "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id.*

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567-68.

Plaintiff alleges that he would file grievances requesting medical treatment and this would result in a delay of his medical treatment. Plaintiff has not stated a colorable retaliation claim. Other than the conclusory allegation that Dr. Aranas "has denied any measure of treatment in retaliation for the Plaintiff's grievances," Plaintiff fails to show any causal connection between his protected conduct and any adverse action taken against him. If Plaintiff seeks to amend his pleadings, upon amendment he should focus on the causal connection between any alleged adverse action and his alleged protected conduct. This claim is dismissed without prejudice, with leave to amend.

### C. Leave to Amend

Plaintiff is granted leave to file a second amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard*

6

*Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "Second Amended Complaint."

The Court notes that if Plaintiff chooses to file a second amended complaint curing the deficiencies, as outlined in this order, Plaintiff must file the second amended complaint within thirty **(**30) days from date of entry of this order. If Plaintiff chooses not to file a second amended complaint, the Court will dismiss the action without prejudice.

**III.     CONCLUSION**

For the foregoing reasons, it is ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

It is further ordered that Plaintiff's amended complaint (ECF No. 3) is dismissed without prejudice, with leave to amend.

It is further ordered that if Plaintiff chooses to file a second amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff must file the second amended complaint within thirty (30) days from the date of entry of this order.

It is further ordered that the Clerk of the Court send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, a copy of his amended complaint (ECF No. 3). If Plaintiff chooses to file a second amended complaint, he must use the approved form and he must write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

///

///

It is further ordered that if Plaintiff fails to file a second amended complaint curing the deficiencies outlined in this order, this action will be dismissed without prejudice.

DATED THIS 4th day of May 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE