# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GUILLERMO RENTERIA-NOVOA, | 3:15-cv-00537-MMD-VPC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| ISIDRO BACA, *et al.,* | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to enforce settlement (ECF No. 18), which plaintiff opposed (ECF Nos. 27, 29). Having thoroughly reviewed the record and papers, the court hereby recommends that the defendants' motion to enforce settlement be granted.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Guillermo Renteria-Novoa ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). At all times relevant to this action, plaintiff was housed at Lovelock Correctional Center ("LCC"). Plaintiff generally alleges that the NDOC has been deliberately indifferent to plaintiff's foot conditions and has failed to schedule recommended surgery. (*See* ECF No. 5-1.) The court issued a screening order and allowed plaintiff to proceed with his Eighth Amendment deliberate indifference claim. (ECF No. 6.)

On November 22, 2016 the parties participated in a mediation session as part of the District of Nevada's early inmate mediation program, and were able to reach a settlement. (*See* ECF No. 11.) The parties agreed that this court would retain jurisdiction of this matter during finalization of the settlement agreement, and the parties were to submit a stipulation and dismissal with prejudice to the court no later than December 21, 2016. (*Id.*)

At the conclusion of the November 22, 2016 settlement conference, the mediation convened in open court to establish on the record the terms of the settlement agreement. (*See* ECF Nos. 11, 34.) The terms of the settlement stated on the record and agreed upon among the parties and counsel were as follows:

1. The settlement of the case would not affect plaintiff's legal rights with respect to any actions that occurred after the date of settlement.
2. The NDOC would schedule within thirty days of the final execution of the agreement, a consultation with Dr. Lundeen or another appropriate foot specialist. Any treatment recommendation would be submitted to the Utilization Review Panel for review and consideration.
3. Plaintiff could request placement on the chronic care list.
4. The NDOC would remove all department debt owed as of the date the parties entered into the agreement, for an amount totaling $171.36.
5. Plaintiff would dismiss the case with prejudice.
6. Plaintiff would be relieved of his obligation to pay the $350 filing fee.
7. The parties understood and agreed that they had a binding settlement agreement that day, that the agreement would be memorialized in writing.

(*See* ECF No. 34 at 14-15.)

When the mediator, counsel, and the parties put the settlement terms on the record, the mediator inquired of all present a number of times if there were any clarifications or questions concerning the settlement. Initially, plaintiff responded that he did not agree to the terms, so the mediator helped the parties come up with the additional term outlined as term number one above. When asked again, with the additional term added, plaintiff stated that he had no questions or clarifications, and he had no additional terms to be placed on the record.

On November 30, 2016, counsel for defendants drafted and sent plaintiff the settlement documents. (*See* ECF Nos. 18-1; 18-2.) On December 12, 2016, plaintiff sent correspondence to defendants' counsel stating he refused to sign the settlement agreement. (*See* ECF No. 18-3.) Defendants' present motion followed.

## II. MOTION TO ENFORCE SETTLEMENT AGREEMENT

Courts have inherent authority to enforce settlement agreements between parties in pending cases. *See Metronet Services Corp. v. U.S. West Communications*, 329 F.3d 986, 1013-1014 (9th Cir. 2003). (*cert. granted and judgment vacated on other grounds by Quest Corp. v. Metronet Services Corp.*, 540 U.S. 1147 (2004); *Doi v. Halekulani Corporation*, 276 F.3d 1131,

1136-1138 (9th Cir. 2002); *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957, (9th Cir. 1994). Moreover, a material term of this settlement agreement was that the court retained jurisdiction over the settlement until the stipulation for dismissal was lodged with the Clerk of Court.

To enforce a settlement agreement, two elements must be satisfied. *Marks-Foreman v. Reporter Pub Co.*, 12 F.Supp 1089, 1092 (S.D.Cal. 1998). First, the settlement agreement must be complete. *Id.*, citing *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994); *Doi*, 276 F.3d at 1137. Second, the settlement agreement must be the result of an agreement of the parties or their authorized representatives concerning the terms of the settlement. *Marks-Foreman*, 12 F.Supp at 1092, citing *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-1145 (9th Cir. 1977), *Doi*, 276 F.3d at 1137-1138. Where parties raise objections after the parties agree to a settlement, the court may rightfully deny such objections. *Harrop*, 550 F.2d at 1144.

The court must first consider whether the settlement agreement was complete. *Marks-Foreman*, 12 F.Supp at 1092. In this case, as in *Doi*, 276 F.3d 1131, the parties spent several hours in private and joint sessions and agreed to a settlement of this case. The parties and counsel then reconvened in open court to place the material terms of the agreement into the record (*See* ECF Nos. 11, 34). The parties and counsel stated that they understood and agreed that they had a binding settlement that day, that the terms could not be changed, even though a written settlement agreement memorializing the terms would follow. The settlement was complete on November 22, 2016, when the parties agreed to each material term.

The court must then consider whether the settlement agreement was the result of an agreement of the parties or their authorized representatives. *Marks-Foreman*, 12 F.Supp at 1092. Plaintiff seems to argue that no one with settlement authority was present during the mediation. (ECF No. 27 at 8.) However, an examination of those present at the mediation shows that an NDOC representative and State representative, both with settlement authority, were present. (*See* ECF No. 11.) Therefore, there is no dispute that plaintiff and defendants' authorized representative agreed to the stated terms of the settlement, which were later reduced to writing in the settlement agreement, attached as Exhibit A-1 to defendants' motion (ECF No. 18).

Plaintiff's main contention about the settlement agreement is that it asks him to "waive[] his human rights" to further litigate issues related to his on-going foot conditions. (ECF No. 27 at 4.) The court reviewed the entire transcript of the hearing, and there is certainly no discussion about "waiving" plaintiff's constitutional and legal rights. In fact, the settlement agreement specifically states that it "does not apply to any future events or acts creating any new claims that may arise or occur after the final execution by all parties…." (ECF No. 18-2 at 3.) Further, plaintiff agreed on record to dismiss the case with prejudice. (ECF No. 34 at 14-15.)

### III. CONCLUSION

Based upon the foregoing, the court concludes that the parties entered into a binding settlement agreement, in open court, on November 22, 2016. The court recommends that defendants' motion to enforce settlement agreement (ECF No. 18) be granted.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to enforce settlement (ECF No. 18) be **GRANTED**. The parties shall submit the stipulation and order dismissing this case with prejudice within ten days of the date of the District Court's order adopting this report and recommendation.

**DATED**: May 15, 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**